UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) ) ) ) | |
| Brian A. Tanguy | ) ) | Chapter 7 |
| Debtor | ) ) ) | Case No. 25-10096 |
| Brian Strout and Kerri Strout, | ) ) ) ) | |
| Plaintiffs | ) ) | Adversary Proceeding: |
| v. | ) ) | 25-01056 |
| Brian A. Tanguy | ) ) | |
| Defendant | ) ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

INTRODUCTION

This case arises out of a contractual relationship that existed between the Plaintiffs and All Pro Builders Inc., ("All Pro") the corporation that was owned and controlled by the Defendant Debtor. All Pro was to perform home renovations on a home owned by the Plaintiffs. During the course of the renovations, All Pro suffered severe financial pressure including several lawsuits that ultimately led to the dissolution of the business. As several of the suits, which defendant was financially unable to defend, named the Defendant individually, he filed for individual Bankruptcy protection. The Plaintiffs have filed this adversary proceeding to have their claim classified as nondischargeable in

Bankruptcy under 11 U.S.C. §§523 (a)(2) and 523 (a)(4). While the Plaintiffs seem to be claiming all three bases for relief under §523 (a)(2), namely false pretenses, false representation and actual fraud, they are only claiming larceny under §523 (a)(4). It is unclear if the Plaintiffs are claiming the Defendant intentionally stole from them or committed larceny by false pretenses which is essentially the same claim as under §523(a)(2).

## RELEVANT LAW

For a claim under §523 (a)(2) the creditor must show that 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the misrepresentation, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997).

Rule 9 requires that in a pleading alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P, Rule 9(b). The First Circuit has ruled that Rule 9 requires specification of the time, place, and content of an alleged false representation in order to survive a Motion to Dismiss. *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980).

In Massachusetts "whoever steals, or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent

to convert, the property of another as defined in this section, whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny." M.G.L. ch. 266 § 30.

ARGUMENT

The Complaint in this matter clearly lacks the specificity requirement of Rule 9.  All counts are alleging fraud of some sort and therefore must state time, place, and content of the alleged fraud. *McGinty*.  In addition, the Plaintiff has to allege all elements of the claimed exemption to discharge in order to survive a Motion to Dismiss.  Many of the Plaintiffs' allegations are general, conclusory or a general statement of the elements of the claims and are insufficient as a matter of law.  An example of this are the allegations in paragraph 50 that " On or after February 25, 2022 the Debtor knowingly and deliberately made false representations to the Plaintiffs designed to induce them into making payments to him." "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.1985).  I can find no other allegations in the Complaint that speak to the first three elements of a claim under §523 (a)(2); namely that the Debor knew the statement(s) was false, intended to deceive the Plaintiffs and intended to induce the Plaintiffs to rely upon the false statement,  Without specifics about those the Complaint is clearly deficient.

The §523 (a)(4) claim in Count 2 is equally thin.  The only mention of stealing or larceny comes in paragraph 58 "The Defendant, with the intent to defraud, took money that

belonged to the Plaintiffs." paragraph 59 "At the time possession of Plaintiff's money occurred the Defendant intended to steal or convert the money to his own use and enjoyment" and paragraph 60 "The Defendant converted the money to his own use and enjoyment and permanently deprived Plaintiff of said funds." Again the mere parroting of the elements of a claim does not meet the specificity requirement of Rule 9.

In addition, the Complaint was not properly served upon the Defendant.

## CONCLUSION

The Complaint is clearly deficient as it does not properly allege the elements to the claims in Count One under 11 U.S.C. §523 (a)(2) or Count Two under 11 U.S.C. §523 (a)(4) and should therefore be dismissed.

April 14, 2025					Brian A. Tanguy, by his attorney


					/s/ Scott J. Fishman
					Scott J. Fishman
					BBO # 630711
					Jennings, Jennings & Fishman
					775 Pleasant St. #7
					Weymouth, MA 02189
					(781) 337-4221
					scottfishman@jenningsfishman.com

## CERTIFICATE OF SERVICE

I, Scott J. Fishman, hereby certify that on April 14, 2025 the above was served to the following by electronic transmission:

Christopher J. Fein on behalf of Plaintiffs Brian and Kerri Strout
cjfein@feinlawoffice.com

                                                /s/ Scott J. Fishman
                                                Scott J. Fishman