UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>BRIAN A. TANGUY<br><br>Debtor | Chapter 7<br>Docket No.: 25-10096 JEB |
| BRIAN STROUT,<br>KERRI STROUT<br><br>Plaintiffs<br>v.<br><br>BRIAN A. TANGUY<br><br>Defendant | Adversary Proceeding<br>No.: 25-01056 JEB |

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

NOW COME the Plaintiffs, Brian and Kerri Strout, by and through counsel, and respectfully submit their opposition to the Defendant's Motion to Dismiss. In support hereof the Plaintiffs state the following:

The Plaintiffs filed this case seeking a determination that Defendant's indebtedness to Plaintiffs is nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)2(A) and 11 U.S.C. § 523(a)(6). The claim against the Defendant does not arise out of a contractual relationship as characterized by the Defendant in his Motion to Dismiss. The claim arises out of the deliberate and willful misrepresentations and mishandling of payments made to the Defendants by the Plaintiffs. The payments were made by the Plaintiffs as a direct result of the false and materially misleading representations from Defendant as to the purpose of the payment and the ability of him to perform as promised.

1

The Defendant's position is that the Complaint lacks specificity. The Defendants believe that the Complaint clearly describes a scheme by the Defendant to deceive them into making payments that they otherwise would not have made. The Complaint is broken down into sections that show he alone controlled the home improvement business he operated (Section A). The Complaint describes the fraudulent conduct in detail (Section B).

The details stated by the Plaintiffs demonstrate that he was commingling his personal and professional affairs. See *Complaint* ¶¶ 10-11. The Plaintiffs state that Defendant represented that he would perform in a timely, professional, and workmanlike manner using only the best labor. See *Complaint* ¶ 14. The project would only take 4 to 5 months. See *Complaint* ¶ 16. This was important to the Plaintiffs because the purpose of the renovation was for housing an elderly family member who ended up passing away before she was able to move into the finished addition that was unreasonably delayed. The Defendant was aware of this objective before the payments were made. See *Complaint* ¶¶ 25-26.

At Defendant's request the payments were being bifurcated, and Plaintiffs now know that this was because the use of the funds was unrelated to the Plaintiff's project. See *Complaint* ¶¶ 19, 27-34. The Defendant was telling the Plaintiffs he needed payments for their materials and labor, but the subcontractors later reported they were not paid. See Id. It is believed that some of these parties are identified on the Debtor's schedules. The Plaintiffs themselves paid subcontractors directly for work they had already paid the Defendant for. See *Complaint* ¶¶ 32, 35-36. The Plaintiffs received lien notices from subcontractors that were supposed to be paid in full. See *Complaint* ¶¶ 38-39.

When the Plaintiffs confronted the Defendant about what was going on, he reported that if they did not pay him additional funds, the work at their project would come to a

2

standstill. See *Complaint* ¶ 37. He did this knowing that the Plaintiff's elderly parent was sick and in need of an immediate suitable home. See *Complaint* ¶¶ 25-26.

Despite what is argued by the Defendant, the Plaintiff does specify dates for the fraudulent representations and resulting payments in specific dollar amounts. This specific information is stated throughout the Complaint. The specific and fraudulent basis used by the Defendant to request payments is also conveyed in the Complaint.

The Complaint alleges that the materials the Defendant claimed were being purchased with requested funds from Plaintiff were never actually purchased by him. Instead, he repurposed those funds for expenses unrelated to the Plaintiffs' project. He failed to complete performance even though he was paid in full. The Plaintiffs were forced to pay successor contractors to do what they had already paid the Defendant for. See *Complaint* ¶¶ 40-45.

According to the Norfolk County Sheriff's Office the complaint and summons were served on the Defendant on March 26, 2025 at 9:15 A.M. The officer's return has been filed with this Honorable Court. The motion to dismiss suggests insufficient service of process in violation of Fed. R. Civ. Pro. Rule 12(b)5. The officer's return refutes this position.

The argument set forth by the Defendant in accordance with Fed. R. Civ. Pro. Rule 12(b)6 ignores the allegations made in the Complaint that support the causes of action. The Complaint states a claim upon which relief may be granted.

The Plaintiffs have the evidence to show that everything they allege is true. The Defendant deliberately and willfully took their money and used it for reasons unrelated to why he received the payments. These payments would not have been made but for the Defendant's fraudulent representations.

The Motion to Dismiss must be **Denied.**

                                                               Respectfully submitted,
                                                                Plaintiff, through counsel,

Date: 4/18/2025                                      /s/ Christopher J. Fein
                                                                Christopher J. Fein, BBO: 654403
                                                                Fein Law Office, P.C.
                                                                50 Braintree Hill Office Park - Suite 302
                                                                Braintree, Massachusetts 02184
                                                                (781) 356-5555
                                                                cjfein@feinlawoffice.com

4

CERTIFICATE OF SERVICE

I, Christopher J. Fein, counsel for Brian and Kerri Strout hereby certify that I served all interested parties and/or their counsel with a copy of the attached Opposition to Defendant's Motion to Dismiss electronically to those parties receiving notice and/or by first class mail, postage prepaid to the below-named parties on this 18th day of April 2025. Service was made to:

Scott J. Fishman, Esq.
Jenings Jennings & Fishman
775 Pleasant Street #7
Weymouth, MA 02189

_____
Christopher J. Fein, BBO 654403
Fein Law Office, P.C.
50 Braintree Hill Office Park - Suite 302
Braintree, MA. 02184
(781)356-5555
cjfein@feinlawoffice.com