

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>BRIAN A. TANGUY,<br><br>　　　　Debtor | Chapter 7<br>Case No. 25-10096-JEB |
| BRIAN STROUT,<br>KERRI STROUT<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BRIAN A. TANGUY,<br><br>　　　　Defendant | Adversary Proceeding<br>No. 25-01056-JEB |

**Preliminary Scheduling and Pretrial Order**

1. **Pretrial Hearing**. A **Pretrial Hearing** is scheduled for **August 6, 2025, at 10:30 a.m.**, in Courtroom 3, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109. Parties shall be prepared to discuss their Discovery Plan to be filed as provided below and whether the intended scope of discovery is proportional to the needs of the case as contemplated by Fed. R. Civ. P. 26(b)(1). The Court shall enter a further case management order after conducting the Pretrial Hearing, which shall constitute the order contemplated by Fed. R. Civ. P. 16(b)(1). **The Discovery Plan must be based on the deadlines set forth in this Order. The Court will only consider extensions of the deadlines if good cause is demonstrated.**

2. **Compliance Required.** Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth in this Order.

3. **Cooperation**. The parties and their counsel, if applicable, must cooperate during all aspects of discovery. Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Duty to Preserve Evidence**. The parties shall preserve evidence relevant to the issues raised by the pleadings, including electronically stored information. If a party is represented, then no later than **July 8, 2025**, such party's counsel shall confer with their client regarding the duties of parties to preserve evidence and the provisions of Fed. R. Civ. P. 37(e). As provided below, in the Rule 26(f) Conference Report, such counsel shall confirm to the Court that they have conferred with their client regarding the duty to preserve evidence and the provisions of Fed. R. Civ. P. 37(e).

5. **Proportionality in Discovery**. Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g), the discovery in this case shall be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' relative resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6. **Rule 26(f) Discovery Conference**. The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, but no later than **July 15, 2025**.

7. **Rule 26(a) Automatic Disclosures**. Disclosures under Fed. R. Civ. P. 26(a)(1) must be completed by **July 22, 2025**.

8. **Rule 26(f) Discovery Conference Certification and Written Report**. After the Rule 26(f) Discovery Conference, but no later than **July 29, 2025,** the parties shall file a written report containing:

   a. A certification that the Rule 26(f) Discovery Conference has taken place.

   b. If a party is represented, a certification by such party's counsel that counsel has conferred with their client regarding the duties of parties to preserve evidence and the provisions of Fed. R. Civ. P. 37(e).

   c. A proposed Discovery Plan that addresses all topics set forth in Fed. R. Civ. P. 26(f)(3) and, if applicable, contains protocols for the discovery or disclosure of electronically stored information. **As reflected above, the Discovery Plan must be based on the deadlines set forth in this Order. If the parties request extension of any deadline, they must file a motion setting forth good cause for the extension requested.**

   d. A statement that the parties have complied with the automatic disclosure provisions of Fed. R. Civ. P. 26(a)(1) and this Order.

   e. In the event any party anticipates the disclosure or discovery of electronically stored information,

      i. a certification that the parties have conferred regarding:

         1. the nature and extent of the contemplated discovery of electronically stored information;

2

   2. any issues involving the preservation, disclosure, discovery, or presentation of electronically stored information, including the form (or forms) in which the electronically stored information will be provided;

   3. the various sources of electronically stored information within a party's control;

   4. the characteristics of the parties' information systems that may contain relevant electronically stored information, including, if appropriate, the identity of individuals with special knowledge of a party's computer systems; and

   5. whether either party has relevant electronically stored information that the party contends is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B); and

  ii. if either party contends that relevant information is not reasonably accessible pursuant to Fed. R Civ. P. 26(b)(2)(B), the estimated burden or costs of retrieving and reviewing that information.

 f. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

 g. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

 h. An estimated length of trial.

 i. In the event any party has demanded a jury trial, a statement identifying:

  i. the specific matters to which the jury demand applies;

  ii. the legal basis for the right to a jury trial; and

  iii. whether all parties consent to this Court conducting a jury trial.

9. **Expert Witness Disclosures**. Disclosures under Fed. R. Civ. P. 26(a)(2), including the disclosure of the expert witness written report required by Fed. R. Civ. P. 26(a)(2)(B), must be completed by **October 1, 2025**, unless otherwise ordered by the Court upon motion or after consideration of the Discovery Plan.

10. **Completion of Discovery**. Discovery must be completed by **October 1, 2025**, unless otherwise ordered by the Court upon motion or after consideration of the Discovery Plan.

11. **Discovery-Related Disputes and Motions**. Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party has attempted in good

faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court. If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may be filed.

12. **Failure to Comply with this Order**. This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

Dated: July 1, 2025

By the Court,

*Janet E. Bostwick*

Janet E. Bostwick
United States Bankruptcy Judge